IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

08 NOV 25 PM 2: 56

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Marci Gordon, )
)
    Plaintiff, )
)
v. ) No.
)
United Collection Bureau, Inc., an ) **1:08-cv-1599 DFH-DML**
Ohio corporation, )
)
    Defendant. ) Jury Demanded

## COMPLAINT

Plaintiff, Marci Gordon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Marci Gordon ("Gordon"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Citibank.

4. Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, UCB was acting as a debt collector as to the debt it attempted to collect from Ms. Gordon.

## FACTUAL ALLEGATIONS

5. Ms. Gordon fell behind on paying her debts. One such debt she was unable to pay was a debt she allegedly owed to Citibank. Accordingly, UCB began attempting to collect the debt she allegedly owed to Citibank.

6. During the course of Defendant UCB's collection efforts, one of UCB's debt collector's, "Tina Chasboro", called Ms. Gordon's place of employment on October 10, 2008, and spoke with Ms. Gordon's supervisor, Gosia Pawlak. Defendant UCB's debt collector told Ms. Gordon's supervisor that UCB was calling about a lawsuit against Ms. Gordon and that this lawsuit could lead to the garnishment of Ms. Gordon's wages.

7. Defendant UCB's debt collector, Ms. Chasbro, called Ms. Gordon's place of employment on October 16, 2008, and left Ms. Gordon a message demanding that Ms. Gordon immediately call UCB or else Defendant would again call Ms. Gordon's supervisor.

8. All of Defendant UCB's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Making Numerous False Statements

10.  Plaintiff adopts and realleges ¶¶ 1-9.

11.  Section 1692e of the FDCPA prohibits a debt collector from using any false, and/or deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

12.  Defendant's violations of § 1692e of the FDCPA, include, but are not limited to:

   a)  falsely stating that there was a pending lawsuit against Ms. Gordon, when, in fact, no lawsuit has been filed;

   b)  falsely threatening to garnish Ms. Gordon's wages, when Defendant had no right to garnish Ms. Gordon's wages; and,

   c)  threatening to call Ms. Gordon's supervisor again if Ms. Gordon did not call Defendant back, when, in fact, Defendant is not allowed to speak with anybody but Ms. Gordon regarding the debt.

13.  Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

14.  Plaintiff adopts and realleges ¶¶ 1-9.

15.  Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

16. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to:

a.) stating that there was a pending lawsuit against Ms. Gordon, when, in fact, no lawsuit has been filed;

b.) threatening to garnish Ms. Gordon's wages, when Defendant had no right to garnish Ms. Gordon's wages; and,

c.) threatening to call Ms. Gordon's supervisor again if Ms. Gordon did not call Defendant back, when, in fact, Defendant is not allowed to speak with anybody but Ms. Gordon regarding the debt.

17. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(b) Of The FDCPA --
### Contacting Plaintiff's Work

18. Plaintiff adopts and realleges ¶¶ 1-9.

19. Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer. Defendant, by calling Ms. Gordon's work and speaking with Ms. Gordon's supervisor about the debt without being given permission, violated § 1692c(b) of the FDCPA.

20. Defendant's violation of § 1692c(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marci Gordon, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Gordon, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marci Gordon, demands trial by jury.

Marci Gordon,

By: _____
One of Plaintiff's Attorneys

Dated:  November 25, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com